# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM JOHN WILLIAMS,         )<br>                                                    )<br>        Plaintiff,                              )<br>                                                    )<br>vs.                                                )<br>                                                    )<br>                                                    )<br>CRAIG FARWELL, *et al.*,            )<br>                                                    )<br>        Respondents.                      )<br>_____/ | 3:06-cv-0316-ECR-RAM<br><br>**ORDER** |

        This is a civil rights action brought *pro se*, pursuant to 42 U.S.C. § 1983, by a prisoner at Nevada's Lovelock Correctional Center.

        On June 2, 2006, plaintiff filed an Application to Proceed *in Forma Pauperis* (docket #1).  Attached to that application is the civil rights complaint that plaintiff seeks to file.

        On July 17, 2006, the Court entered an order (docket #3), granting the Application to Proceed *in Forma Pauperis,* but requiring plaintiff to pay an initial installment of the filing fee, in the amount of $18.50.  The Court granted plaintiff 30 days to make that payment.

        It now appears that plaintiff made the payment of the initial installment of the filing fee on August 7, 2006 (docket #6).  However, the Clerk's office did not then place the receipt for that payment in the record.

As a result of that apparent clerical mistake, under the impression that plaintiff had failed to make the payment of the initial installment of the filing fee as ordered, on February 20, 2007, the Court dismissed this action, and judgment was entered accordingly (docket #3, #4).

On March 1, 2007, plaintiff submitted a letter to the Clerk's office (docket #5), presenting a copy of the receipt for his payment of the initial installment of the filing fee.

The next day, on March 2, 2007, the Clerk's office placed in the record a copy of the receipt for that payment.

The Court will construe plaintiff's March 1, 2007, letter to the Clerk as a Motion for Relief from Judgment or Order, under Federal Rule of Civil Procedure 60, and will grant that motion. Clearly, the Court's February 20, 2007 order was a result of clerical error. The Court will order the February 20, 2007 order and judgment vacated.

Plaintiff timely paid an initial installment of the filing fee for this action, as required by the Court's July 17, 2006 order (docket #2, #6). Therefore, the Court will direct the Clerk to file and docket plaintiff's complaint.

The Court will proceed to screen plaintiff's complaint pursuant to the Prisoner Litigation Reform Act (PLRA).

Under the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a

claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit, or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful or delusional factual allegations. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff sues the warden of the prison where he is incarcerated, a law clerk at the prison, and two assistant federal public defenders. Plaintiff's complaint essentially complains that, as a result of civil rights violations by those individuals, a federal habeas corpus action that he filed in 2001 (Case Number 3:01-cv-0396-DWH-VPC), was dismissed as barred by the applicable statute of limitations. Plaintiff asserts that the prison law clerk mishandled his litigation, resulting in the statute of limitations bar. Plaintiff asserts that the warden is responsible for allowing the law clerk to continue assisting prisoners with their litigation despite complaints about that particular law clerk. Plaintiff asserts that the assistant federal public defenders mishandled his federal habeas petition, after their appointment to represent him in that case.

The assistant federal public defenders appointed to represent plaintiff in his federal habeas action are not proper defendants in a Section 1983 action. When public defenders act in their role as advocates, they do not act under color of law for purposes of Section 1983.

*See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir. 1985), *cert. denied*, 475 U.S. 1128 (1986).

Similarly, the prison law clerk who assisted plaintiff -- however ineffective his help might have been -- is not amenable to suit in this action. The prison law clerk did not act under color of state law.

As for the warden, plaintiff has not alleged -- and cannot conceivably allege -- that the warden violated plaintiff's constitutional rights by allowing the alleged incompetent law clerk to assist plaintiff with his litigation. Plaintiff has no constitutional right to counsel in either his state postconviction proceedings or in his federal habeas litigation. There simply was no constitutional right to be violated by the law clerk's ineffective assistance. Stated differently, there is no constitutional right on the part of prisoners to be provided competent prison law clerks.

Moreover, at its core, this civil rights action is a challenge to the outcome of plaintiff's federal habeas litigation, which, in turn, challenged plaintiff's state-court conviction and sentence. Such an action is not cognizable under Section 1983. A Section 1983 claim that necessarily implies the invalidity of a conviction or period of imprisonment is not cognizable, unless the conviction or imprisonment has previously been reversed, invalidated, or called into question in an appeal or by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying *Heck* to prison disciplinary proceedings resulting in loss of good-time credits). Therefore, as a challenge to the outcome of his federal habeas litigation, and to his conviction and sentence, this civil rights action fails under the rule of *Heck*.

On account of the fundamental barriers to the civil rights claims that plaintiff seeks to assert in this case, and because the shortcomings of the complaint cannot possibly be cured by more artful pleading, this action will be dismissed without leave to amend.

1  **IT IS THEREFORE ORDERED** that plaintiff's letter to the Court filed
2  March 1, 2007 (docket #5) is construed as a Motion for Relief from Judgment or Order, under
3  Federal Rule of Civil Procedure 60, and is **GRANTED**.
4  **IT IS FURTHER ORDERED** that the order (docket #3) and judgment
5  (docket #4) entered February 20, 2007, are **VACATED**.
6  **IT IS FURTHER ORDERED** that the Clerk shall separately **FILE AND DOCKET**
7  plaintiff's Civil Rights Complaint (now attached to the Application to Proceed *in Forma Pauperis* at
8  docket #1).
9  **IT IS FURTHER ORDERED** that this action is **DISMISSED**.
10 **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT**
11 **ACCORDINGLY**.

13  Dated, this 7th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE